Carey, J.
Defendant P&G Corp. (“P&G”) seeks a separate trial in this case, pursuant to Mass.R.Civ.P. *340 42(b), on the issue of its liability, if any, and potential damages for the harm suffered by plaintiff Anthony J. Carlesi (“Carlesi”) when plaintiff was sexually molested by co-defendant Todd Machado (“Machado”). For the reasons stated below, I allow P&G’s motion and order separate trials for the defendants in this case.
BACKGROUND
Plaintiff Carlesi filed this action against P&G on February 1, 1993, alleging that P&G breached its duty to safely and properly maintain its property, Bowlers’ Country Club, so as to protect the minor plaintiff from the foreseeable criminal acts of third persons, including Machado.
P&G answered the complaint and asserted a third-party complaint against Machado, which was served on Machado on March 25, 1993. Machado neither answered nor filed responsive pleadings to the third-party complaint, which P&G voluntarily dismissed on December 5, 1994. On August 19, 1994, plaintiff moved to amend his complaint to add Machado as a direct defendant. That motion was allowed and Machado was served with a complaint on November 9, 1994.[4] Machado has not filed an answer nor any other pleadings to date in response.
The underlying criminal acts giving rise to this tort action involved an ongoing series of sexual activities involving Machado and certain minors, including the plaintiff. Machado eventually pled guilty to a series of criminal charges, including rape of a minor and indecent assault of a minor. He is currently serving his sentence in the state correctional facility in Gardner, Massachusetts. Machado will be available as a witness in the P&G trial, as will plaintiff.
DISCUSSION
Massachusetts R. Civ. P. 42(b) permits the separate trial of any claim in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., 16 Mass.App.Ct. 525, 527 (1983). Rule 42(b) “appears to be devoted to the convenience of adjudication, the avoidance of prejudice and the interests of expedition and economy as dictated by the characteristics and elements of proof of the claims themselves.” Id., citing Smith and Zobel, 8 Rules Practice, §42.4 (1977). “Trial judges have discretion to separate parties, claims, and issues in order to avoid prejudice or in the interest of expedition and economy.” Cambridge Trust Co. v. Commercial Union Ins. Co., 32 Mass.App.Ct. 561, 565 (1992); Dobos v. Driscoll, 404 Mass. 634, 645 (1989).
Certain factors in the instant case favor separating the defendants’ trials. Machado has yet to respond to the claims against him, although he is preparing to do so. While Machado has not been declared in default, he is procedurally unready to participate in this trial, despite his willingness to do so. A pro se defendant, Machado has shown his lack of preparation to date, suggesting that he is unlikely to be prepared for a trial which is ready to proceed immediately. Machado himself may be prejudiced by his lack of preparedness to proceed.
Machado’s lack of preparation, combined with the potential disruptiveness of his untrained courtroom manner, may tend to inhibit and prejudice P&G’s ability to present its own defense. Machado’s efforts to present evidence and cross-examine witnesses will necessarily slow the trial process, as the court would need to carefully monitor his actions to insure that he does not prejudice P&G’s presentation of their defense. Furthermore, some potential evidentiary questions regarding Machado’s defense may be prejudicial to P&G.
In the event that P&G is not found liable on the claims against it, plaintiff is unlikely to proceed against Machado on the intentional torts, as Machado, a prison inmate, appears to own no property nor possess any insurance or assets from which to pay any damages which might be assessed against him. Thus, to expedite the trial process, to conserve the expense of transporting Machado to court each day and guarding him while out of prison, to further the convenience of presenting and defending against the claims against P&G without the likely confusion and prejudice which could result from Machado’s courtroom presence as a party, this court finds that separate trials are appropriate in this instance. Neither the plaintiff nor Machado will be harmed by the separation of these claims.
Finally, the emotionally inflammatory nature of the acts perpetrated by Machado, to which he has pled guilty in prior criminal proceedings, may tend to prejudice P&G, if a jury seeks to award damages for harm suffered by the plaintiff. While plaintiff argues that this possible prejudice could be undercut by a curative instruction, the very real possibility that a jury’s distaste for the nature of the claims against Machado might enhance their award of damages against P&G further militates in favor of separate trials.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant P&G’s motion for separate trials is ALLOWED.

The counts asserted against Machado include the intentional torts of assault and battery.